UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:10-CV-00294-CRS-CHL

**CHRIS A. WEBB,**                                                                                                         **Plaintiff,**

v.

**UNITED STATES OF AMERICA,**                                                                         **Defendant.**

### REPORT AND RECOMMENDATION

The United States obtained a Writ of Continuing Garnishment against Relentless Holdings, LLC ("Relentless") to collect a default judgment rendered by this Court against Defendant Christopher A. Webb ("Defendant") for unpaid income taxes. (DNs 12, 13.) Relentless failed to timely respond to the writ, and the United States petitioned the Court to order Relentless to appear and answer the writ and withhold property. (DN 18.) Relentless failed to appear as required by law. (DNs 21, 22.) The United States filed motions for an entry of judgment against Garnishee (DN 29) and entry of a disposition order regarding the garnishment (DN 38). Senior United States District Judge Charles R. Simpson III referred the United States' motions to the undersigned for findings of fact, conclusions of law, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). (DNs 32, 39.) Relentless and Defendant did not respond to the motions, and the time to do so has expired. L.R. 7.1(c).

Therefore, this matter is ripe for review.

**I.         BACKGROUND**

On September 17, 2010**,** this Court entered a default judgment against Defendant for unpaid federal income tax liabilities spanning several tax years in the amount of $1,008,806, plus

penalties, interest, and statutory additions. (DN 8.) A substantial portion of Defendant's debt was later discharged in bankruptcy proceedings. (*See* DN 17-1.)

On April 22, 2022, at the United States' request, this Court issued a writ of garnishment against Relentless Holdings, LLC pursuant to the Federal Debt Collection Procedures Act ("FDCPA"). (DNs 12, 13.) The United States' application for the writ asserted that Relentless was believed to be in the possession of property in which Defendant had a substantial nonexempt interest. (*See* DN 12.) Defendant is the owner of Relentless, which is a Kentucky limited liability company with real estate holdings that Defendant claims to own. (DN 37-1 at 306; DN 17-3 at 141.) The writ required Relentless to respond in writing, under oath, within ten (10) days on whether it had in its custody, control, or possession, any property owned by Defendant, including non-exempt disposable earnings. (DN 12 at 102.) The writ also required Relentless to state whether it anticipated paying Defendant any future payments and to "withhold and retain any property in which [Defendant] has a substantial non-exempt interest." (*Id.*) These documents were served on Defendant in his capacity as resident agent for Relentless on May 19, 2022. (DN 14.) Relentless did not answer writ before the deadline of May 30, 2022.

On June 8, 2022, Defendant filed an objection and requested a hearing. (DN 15 at 114.) Notably, Defendant filed his objection before Relentless filed its answer. In his objection, Defendant purported to contest the amount he owed the United States ($1,008,806) and claimed "any and all exemptions that may be applicable to him under federal or state laws." (*Id.* at 115.) The United States filed a response to Defendant's objections on June 17, 2022. (*See* DN 17.)

On July 6, 2022, the United States obtained an order from this Court directing Relentless to answer the writ on or before July 7, 2022 and to appear before the Court on July 18, 2022. (*See* DN 20.) The Court then specifically directed Defendant to take reasonable steps to ensure

Relentless received prompt notice of the order and mandated Relentless's attendance at the hearing. (*See* DN 22.) The hearing was continued at Defendant's request and rescheduled for August 5, 2022. (DNs 24, 27.) Relentless failed to appear at the hearing and filed its answer four days past the deadline to do so on July 11, 2022. (*See* DN 21.) Relentless' answer stated that Defendant maintained a nonexempt interest in $16,000 within Relentless's possession and anticipated "no known future payments" to Defendant at that time. (*Id.* at 171.) Although Relentless did not anticipate any future payments, Relentless had paid and continued to pay distributions Defendant in violation of the writ. (DN 37-1 at 310.)

On August 5, 2022, Defendant and his counsel, Chris McDowell and Joy Hall, appeared before the undersigned. Philip Doyle appeared on behalf of the United States. Relentless and its counsel were absent. The United States proposed discovery to ascertain whether Defendant received any distributions from Relentless following service of the writ to which Defendant was amenable. Defendant also indicated to the undersigned that the Parties had made progress on the dispute regarding the amount of Defendant's debt, the application of Defendant's payments towards the debt, and the effect of Defendant's bankruptcy on the amount owed to the United States. By order of the Court dated August 8, 2022, Defendant was directed to serve the United States with an affidavit and supporting documents stating whether Defendant received any property from Relentless after July 6, 2022 and the Parties were directed to proceed with accelerated discovery pursuant to 28 U.S.C § 3015(a) to be completed on or before September 5, 2022. (*See* DN 28.) Defendant served the United States with an affidavit on August 8, 2022, indicating that he received distributions in the amount of $25,815.95 from Relentless Holdings between July 6 and August 4, 2022. (DN 29-1.)

On August 15, 2022, the United States moved for an entry of judgment against Relentless in the amount of $25,815.95. (DN 29.) The United States later supplemented its motion to request $136,290.32 after ascertaining through discovery that additional distributions had been made. (DN 37 at 300.)

On October 11, 2022, the undersigned conducted a hearing with Defendant and the United States regarding a discovery dispute. Based on the discussion, the undersigned extended the deadline for the accelerated discovery and directed the United States to provide Defendant with an exact sum of his owed amount. (*See* DN 33.) On October 28, 2022, the Parties jointly reported that the United States provided Defendant with a payoff amount for the judgment debt, with accruals computed to December 31, 2022, that Defendant deemed sufficient. (DN 36 at 296.) The report further indicated that Parties had discussed an agreed-upon disposition order and the subject of Relentless's liability for amounts paid to Defendant in violation of the writ in light of Defendant's recent payment of $250,000 to the United States, including whether that potential liability "can or should be reduced to a judgment." (*Id.* at 297.)

On December 7, 2022, the United States filed a motion for disposition order against Relentless. Relentless and Defendant did not file a response.

## II.     DISCUSSION

28 U.S.C. § 3205(a) provides that a court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. § 3205(b)(2)(A) specifically provides:

> "If the property consists of a right to or share in the stock of an association or corporation, or interests or profits therein, for which a certificate of stock or other negotiable instrument is not outstanding, the corporation, or the president or treasurer of the association shall be the garnishee."

28 U.S.C. § 3205(b)(2)(A).

As Relentless's sole member, Defendant is entitled to a share of its profits and his distributive share is subject to the writ of garnishment. (DN 37-1 at 306; DN 17-3 at 141.) Defendant's interest in Relentless is not only substantial, but it is 100% of Relentless. (*Id.*) Defendant's affidavit dated August 8, 2022, states that he "receives distributions from Relentless" as his "sole income" that are "[used] to pay [Defendant's] personal expenses." (DN 29-1 at 277.) Defendant characterizes these distributions as "random" but, as the United States correctly points out, Defendant is Relentless's owner, manager, and resident agent, which suggests he controls or directs the amount and frequency of the distributions. Defendant's affidavit states he received $25,815.95 in distributions from Relentless between July 6, 2022 and August 4, 2022. (*Id.*) By October 27, 2022, Defendant stated he received a total of $136,290.32 between May 17, 2022 and October 27, 2022 from Relentless. (*Id.*)

In the case of a post-judgment garnishment, the garnishee must respond to a writ of garnishment and act in accordance with the writ. *See* 28 U.S.C. § 3205(c). There is no time limitation in the statute for garnishee's response. 28 U.S.C. § 3205(c)(4). However, § 3205(c)(6) provides:

> "If a garnishee fails to answer the writ of garnishment or to withhold property in accordance with the writ, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date. If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings).

Here, the writ directed Relentless to provide an answer within ten (10) days of service, which Relentless failed to do. Because Relentless failed to timely respond to the writ, the United

States petitioned for and obtained an order from this Court requiring Relentless to appear and answer the writ and withhold property before the appearance date pursuant to § 3205(c)(6). (DNs 18, 20.) A garnishee must be allowed the opportunity to appear and answer before the United States may petition for judgment. *See United States. v. Andrews*, 221 F.3d 894, 895-96 (2000) (holding the court erred in entering the judgment against garnishee without first holding a hearing to allow garnishee to appear). Relentless was provided that opportunity but failed to appear as directed and failed to withhold property before the appearance date of August 5, 2022 as evidenced by Defendant's statements. Defendant's statements affirm that Relentless distributed to Defendant nonexempt property in the amount of $139,290.32 in violation of the writ. The Court notes that Defendant has raised exemptions regarding the garnishment, though the exemptions are not applicable here as fully discussed below. Therefore, pursuant to § 3205(c)(6), the undersigned recommends that the Court grant the United States' motion and enter judgment against Relentless in the amount of $136,290.32.

In light of Relentless's continued violations of the writ, the United States moved for entry of a disposition order directing Relentless to pay the United States $15,000 per month for application to the judgment debt of Defendant until the debt is satisfied. (DN 38.) The United States can typically seek up to twenty-five percent of a debtor's disposable earnings from the time the garnishee receives the application for the writ. *Id*. §§ 3002(9), 3205(c)(2)(F). "Earnings" are defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." *Id*. §§ 3002(6). However, Congress has chosen not to impose that limitation when the garnishment is to collect unpaid taxes. *See* 15 U.S.C. § 1673(b)(1)(C). Further, certain enumerated types of assets are shielded from garnishment. 18 U.S.C. § 3613(a)(1). These

exemptions cover the following: (1) "[w]earing apparel and school books"; (2) "[f]uel, provisions, furniture, and personal effects"; (3) "[b]ooks and tools of a trade, business, or profession"; (4) "[u]nemployment benefits"; (5) "[u]ndelivered mail"; (6) "[c]ertain annuity and pension payments"; (7) "[w]orkmen's compensation"; (8) "[j]udgments for support of minor children"; (9) "[c]ertain service-connected disability payments"; and (10) "[a]ssistance under Job Training Partnership Act." 26 U.S.C. § 6334(a)(1)–(8), (10), (12).

Within twenty days after an answer to a writ of garnishment is filed, a debtor may file written objections and request a hearing. 28 U.S.C. § 3205(c). Any hearing is limited by statute to three possible objections: (1) the validity of any exemption claims by the debtor; (2) the government's compliance with statutory garnishment requirements; and (3) if the judgment was a default judgment, the probable validity of the claim for the debt merged in the judgment and whether there is good cause to set aside the judgment. *Id.* § 3202(d). A debtor challenging a garnishment bears the burden of providing the grounds for objection. *Id.* §§ 3205(c)(5), 3014(b)(2); *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

Relentless paid Defendant an average of $23,497 per month in 2022. (DN 37-1 at 305.) The distributions are his sole source of income but are not wages or salary and appear to stem from his ownership interest in Relentless. (DN 37-2 at 313.) Defendant's distributions are also not subject to the twenty-five percent limitation, both because they are not earnings as defined in § 3002(6) and are excepted from the limitation under § 1673(b)(1)(C) when garnished to collect an unpaid tax debt.

On June 8, 2022, Defendant filed an objection "to any answer to the garnishment filed by Garnishee" and a request for hearing. Relentless had not yet filed its answer when Defendant filed his objection; therefore, Defendant's objection was premature. Arguably, Defendant has never

7

adequately raised an objection to Relentless's answer and has only attempted to claim an exemption. Even if Defendant's objection was not procedurally defective, it appears to lack merit. Defendant's only basis for objecting to the garnishment is claiming "any and all exemptions that may be applicable to him under federal or state laws." Defendant wholly fails to address his distributions from Relentless and fails to state any grounds for why his distributions from Relentless should be exempted from attachment. Instead, Defendant argues that his unpaid tax debt to the United States is incorrectly calculated and that he was not properly served with the underlying default judgment.[1] During the August 5 hearing before the undersigned, Defendant again failed to raise any of the objections statutorily available to him. Further, Defendant's remaining exemptions do not facially comport with any of the enumerated exemptions under 18 U.S.C. § 3613(a)(1) and Defendant does not point to any other applicable exemption or source of authority.

Without a basis for an exemption, the undersigned concludes that Defendant's claimed exemptions are without merit and recommends that Defendant's objections be overruled. Thus, the Court finds that Defendant has not met his burden of providing the grounds for an objection. Defendant has provided no authority to allow the Court to deny the garnishment requested by the United States. Without any such authority and based on Relentless's and Defendant's failures to adequately respond to the United States' motion, the undersigned recommends that the Court enter the United States' tendered final order of garnishment (DN 38-3).

---

[1] Defendant did not request the Court to consider the validity of the underlying default judgment, or otherwise set aside the default judgment, so the Court will not address it. Further, the Parties have by negotiation resolved any dispute regarding the amount owed by Defendant to the United States.

8

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the United States' Motion for Entry of Judgment (DN 29) and Motion for Entry of Disposition Order (DN 38) be **GRANTED**.

Colin H Lindsay, Magistrate Judge
United States District Court

January 17, 2023

cc:  Counsel of record

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations.  A copy shall forthwith be electronically transmitted or mailed to all parties.  28 U.S.C. § 636(b)(1)(C).  Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal.  *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).