UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:10-CV-00294-CRS-CHL

**UNITED STATES OF AMERICA,**                                                                 **Plaintiff,**

**v.**

**CHRIS A. WEBB,**                                                                                      **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court is the United States' Motion for Imposition of a Surcharge. (DN 46.) Neither Defendant Chris A. Webb ("Webb") nor Garnishee Relentless Holdings, LLC ("Relentless") filed a response or objection to the motion, and their time to do so has expired. The motion is referred to the undersigned for resolution. (DN 47.) Because the undersigned concludes that the motion is dispositive, the undersigned issues the instant report and recommendation.[1]

**I.      FINDINGS OF FACT**

On April 27, 2010, the United States filed a Complaint against Defendant Webb seeking delinquent federal income taxes for certain tax years. (DN 1, at ¶ 1.) Ultimately, the Court entered a default judgment against Webb on motion of the United States in the amount of $1,008,806.00. (DN 9; *see also* DNs 7, 8.)

On April 11, 2022, the United States filed an Application for Writ of Garnishment to Relentless. (DN 12.) In its application, the United States stated that as of the date it filed its

---

[1] While a motion to impose surcharge is not listed in 28 U.S.C. § 636(b)(1)(A) as an example of a dispositive motion, "[t]he list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive." *Vogel v. U.S. Off. Prod. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). The Sixth Circuit has instructed that in determining whether a particular motion is dispositive, the court should "undertake[ ] [a] functional analysis of the motion's potential effect on litigation." *Id.* at 514-15. Here, the motion for surcharge is the functional equivalent of either a post-judgment motion for attorney's fees and costs or a request for entry of judgment. Either would be dispositive, and, therefore, the undersigned concludes that the motion for imposition of surcharge is dispositive as well.

motion, "with interest and payments and other credits accounted for, the judgment debt [wa]s in the amount of $672,582.26." (*Id.* at PageID # 89.) The Court issued a Writ of Garnishment to Relentless on April 12, 2022. (DN 13.) Ultimately, as a result of the ensuing proceedings regarding the garnishment, the Court entered a judgment against Relentless in the amount of $136,290.32 for distributions made by Relentless to Webb in violation of the Writ of Garnishment (DN 44) and a final disposition order requiring Relentless to make monthly payments of $15,000 to the United States to be put toward Webb's judgment debt until the same was paid in full (DN 43).

On December 13, 2023, the United States filed its instant Motion for Imposition of a Surcharge. (DN 46.) As set forth above, neither Webb nor Relentless responded or otherwise objected to the motion, and their time to do so has expired.

## II. CONCLUSIONS OF LAW

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001- 3308, provides "the exclusive civil procedures for the United States [ ] to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Subchapter C of the FDCPA governs what postjudgment remedies are available to the United States, which includes postjudgment garnishments issued pursuant to 28 U.S.C. § 3205. 28 U.S.C. § 3011(a) provides that where the United States has exercised its prejudgment or postjudgment collection remedies, including postjudgment garnishment, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement . . . of the claim for such debt."[2] 28 U.S.C. § 3011(a). The Sixth Circuit has

---

[2] While there are exceptions to this provision in Section 3011(b), neither appears relevant in the instant case. The United States has not received an attorney's fee in connection with its enforcement of the claim. 28 U.S.C. § 3011(b)(1). And no party has contended that "the law pursuant to which the action on the claim is based provides any other amount to cover such costs." 28 U.S.C. § 3011(b)(2).

2

clarified that the United States is only allowed to recover the surcharge on ten percent of the *outstanding* debt owed to the United States as opposed to the amount of the initial debt. *United States v. Pioch*, 5 F.4th 640, 644 (6th Cir. 2021). The Sixth Circuit has further clarified that where a surcharge is applied, the United States may only collect the same after satisfaction of the underlying judgment to which the surcharge has been added. *Id.* at 644-45.

Here, the United States applied for a postjudgment garnishment pursuant to 28 U.S.C. § 3205, and the Court issued the writ. Given the United States' representation that the amount of the debt outstanding at the time of the garnishment application was $672,582.26, the undersigned finds that the United States has demonstrated that it is entitled to ten percent of that amount for a total surcharge of $67,258.22. As required by the Sixth Circuit in *Pioch*, that amount is only collectible after satisfaction of the underlying judgment debt; thus, as stated in the United States' proposed order, "[p]ayments made for application to the judgment shall first be credited to the portions of the judgment for tax and interest on tax, and shall be applied to the surcharge portion of the judgment only after those components have been satisfied." (DN 46-1.)

## III. RECOMMENDATION

For the reasons set forth above, the undersigned hereby **RECOMMENDS** that the United States' Motion for Imposition of Surcharge (DN 46) be **GRANTED**; that the surcharge provided by 28 U.S.C. § 3011 in the amount of $67,258.22 be added to the judgment against Defendant Chris A. Webb; and that the Court order that payments made on the judgment shall first be credited to tax liability and interest on the same and shall be applied to the surcharge portion of the judgment only after those components have been satisfied.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
July 26, 2024

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).